UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MB WILLIAMS,

         Plaintiff,

   v.

JASON F. WALKER,

         Defendant.

CASE NO. 3:21-CV-5571-BHS-DWC

ORDER TO SHOW CAUSE

Plaintiff Steven M.B. Williams, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's Proposed Complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted, but provides Plaintiff leave to show cause why this case should not be dismissed by November 19, 2021.

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 5. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his proposed complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO SHOW CAUSE - 1

## I. Background

Plaintiff filed the Proposed Complaint alleging Grays Harbor County Chief Criminal Deputy Jason F. Walker is denying Plaintiff his right to a speedy trial. Dkt. 1-1. Plaintiff also alleges Defendant Walker has denied Plaintiff access to court hearings and legal documents. *Id*. Plaintiff requests dismissal of all charges against him. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

### A. Habeas Action, Not § 1983

Plaintiff's Proposed Complaint contains claims arising under habeas corpus. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee." *Dyer v. Allman*, 2018 WL 4904910, at *1 (N.D. Cal. Oct. 9, 2018) (citing *Hoyle v. Ada County*,

1 | 501 F.3d 1053, 1058 (9th Cir. 2007)). "A civil rights action, in contrast, is the proper method of

2 | challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

3 |       Here, Plaintiff challenges only his physical confinement, seeking immediate dismissal of

4 | all charges against him and permanent release from jail. *See* Dkt. 1-1, at 9. Plaintiff's challenge

5 | to the fact or duration of his physical confinement is properly raised in a § 2241 petition, not a

6 | §1983 complaint. Therefore, Plaintiff's claims are not cognizable in this § 1983 action and

7 | Plaintiff has failed to state a claim upon which relief can be granted.

8 |       B.      <u>*Younger* Abstention</u>

9 |       Regardless of whether this case is filed as a § 1983 action or a habeas petition,

10 | Petitioner's case may also be inappropriate in federal court under the *Younger* abstention

11 | doctrine. Under *Younger*, abstention from interference with pending state judicial proceedings is

12 | appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding

13 | 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state

14 | proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or

15 | has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*

16 | *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*

17 | *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke the

18 | *Younger* abstention if there is a "showing of bad faith, harassment, or some other extraordinary

19 | circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v.*

20 | *Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

21 |       First, Plaintiff is a pre-trial detainee with ongoing state proceedings. Second, as these

22 | proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v.*

23 | *Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Plaintiff has failed to

24 |

allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Last, Plaintiff raises claims that would effectively enjoin the ongoing state judicial proceeding. As the *Younger* abstention applies to Plaintiff's claim, Plaintiff must show cause why this case should not be dismissed.

### III. Instructions to Plaintiff and the Clerk

Plaintiff must show cause why this § 1983 case should not be dismissed for the reasons set forth in this Order.[2] If Plaintiff fails to adequately respond to this Order on or before November 19, 2021, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The Clerk is also directed to re-note the IFP Application (Dkt. 5) for November 19, 2021.

Dated this 20th day of October, 2021.

David W. Christel
United States Magistrate Judge

---

[2] In the alternative, Plaintiff may voluntarily dismiss this case and file a new, separate § 2241 action. If Plaintiff chooses to file a new § 2241 petition, he must clearly explain in the Petition why his claims should not be dismissed as barred by *Younger*.